**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3768-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS F. CLARY,
a/k/a THOMAS MACKEN,
THOMAS PITCHER, THOMAS
CLARY, THOMAS JOHNSON,
THOMAS LEWIS, and THOMAS
MAKEN,

    Defendant-Appellant.

_____

Submitted April 26, 2021 – Decided May 11, 2021

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-03-0722.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Special Deputy

Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a December 20, 2019 order[1] denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues his plea counsel rendered ineffective assistance of counsel by allowing him to plead guilty under pressure, not raising mitigating factors at sentencing, failing to negotiate a more favorable plea deal, and failing to make a Miranda motion. Judge Francisco Dominguez entered the order and rendered an oral opinion.

On appeal, defendant raises the following arguments:

POINT I

THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE ALLOWED [] [DEFENDANT] TO PROCEED WITH THE PLEA HEARING WHEN HE KNEW [DEFENDANT] WAS BEING PRESSURED BY HIS FAMILY TO ACCEPT THE PLEA OFFER.

POINT II

---

[1] His Amended Notice of Appeal refers to the December 23, 2019 filing date of the order.

A-3768-19

THE PCR [JUDGE] ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE FAILED TO RAISE ANY MITIGATING FACTORS ON BEHALF OF [DEFENDANT] AT SENTENCING.

POINT III

THE PCR [JUDGE] ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE FAILED TO NEGOTIATE A LESSER-TERM OF IMPRISONMENT FOR [DEFENDANT] IN LIGHT OF THE LACK OF EVIDENCE CONNECTING HIM TO THE SHOOTING.

POINT IV

THE PCR [JUDGE] ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE FAILED TO FILE A MOTION TO SUPPRESS [DEFENDANT'S] STATEMENT TO POLICE AS [DEFENDANT] WAS INTOXICATED.

We are unpersuaded by defendant's contentions and affirm substantially for the reasons expressed by Judge Dominguez. We add these remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by

3

the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these

4

deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). A defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to

5

determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

Here, defendant pled guilty to amended second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). In accordance with the plea agreement, defendant received nine years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Despite defendant's extensive criminal history involving indictable state convictions, juvenile adjudications, and a federal conviction, his plea counsel successfully negotiated a dismissal of fifteen of the sixteen counts in the indictment. Defendant appealed the imposition of this sentence, which we affirmed on our excessive sentence calendar. Thus, defendant's argument that his plea counsel failed to negotiate a more favorable agreement is without merit, especially given the prison exposure he faced.

Even though at the plea hearing defendant understood he waived his rights to file and present pre-trial motions, on the merits, we reject his argument that plea counsel was ineffective for failing to make a Miranda motion. There is nothing in the record demonstrating that defendant was—as he now argues for the first time—under the influence during the police interrogation. But even if his voluntary statements were suppressed, which in our view would not have happened, there is overwhelming evidence of guilt. A witness called the police,

described the clothing defendant had been wearing, and based on that information, police apprehended defendant as he was fleeing on a bus with two handguns under his bus seat.

Nevertheless, on this record, defendant knowingly, intelligently, and voluntarily waived his <u>Miranda</u> rights. There is no evidence that anyone pressured defendant to plead guilty. Although he argues otherwise, the plea judge questioned defendant at the plea hearing and established defendant pled guilty voluntarily, knowingly, and without any coercion.

To the extent we have not addressed defendant's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3768-19